UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Sang Oum and Montha Oum

    v.                                  Civil No. 18-cv-341-LM
                                              Opinion No. 2018 DNH 119

Target Corporation

## **O R D E R**

Sang and Montha Oum brought suit in state court alleging claims arising from injuries Sang sustained in a fall in defendant Target Corporation's ("Target") Nashua, New Hampshire store. Target removed the case to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs move to remand the case to state court on the ground that the amount in controversy does not exceed the requisite jurisdictional amount. See doc. no. 3. Target objects.

## **STANDARD OF REVIEW**

A removed case must be remanded to state court if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Federal courts have diversity jurisdiction under § 1332(a) when the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." § 1332(a). The party who removes a case from state court bears the burden of showing that

federal jurisdiction exists.  DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006); Pruell v. Caritas Christi, 645 F.3d 81, 84 (1st Cir. 2011).

"If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c).  When, as in this case, "the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."  Evans v. Yum Brands, Inc., 326 F. Supp. 2d 214, 220 (D.N.H. 2004) (internal quotation marks and citations omitted).[1]  Provided a plaintiff's claims are "colorable," the court's inquiry does not focus on their probable success but rather on "whether to anyone familiar with the applicable law [the] claim could objectively have been viewed as worth" the jurisdictional minimum.  Jimenez Puig v. Avis Rent-A-Car Sys., 574 F.2d 37, 40 (1st Cir. 1978).  Removal based on § 1332(a) is proper if the removing party shows by a preponderance of the evidence that the amount in controversy exceeds $75,000.  § 1446(c)(2)(B).

---

[1] Consistent with New Hampshire practice, no specific amount of damages is claimed in the complaint.  See RSA 508:4-c; Evans, 326 F. Supp. 2d at 218 n.3.

2

**DISCUSSION**

In their complaint, plaintiffs allege that as a result of his fall, Sang "suffered the following serious injuries:

  a. Six upper teeth jammed together and out of alignment;

  b. Two broken teeth with exposed nerves;

  c. Multiple facial bone fractures;

  d. Pain and swelling of the face;

  e. Broken eye glasses;

  f. Pain and Suffering; and

  g. Permanent Disability."

Doc. No. 1-1 at ¶ 8. Plaintiffs assert claims for negligence on Sang's behalf and loss of consortium on Montha's behalf.

In their motion to remand, plaintiffs argue that the amount in controversy does not exceed $75,000. In support, they submit a statement of benefits from Sang's health insurance company, showing that his medical bills to date for injuries sustained from the accident total $14,770.65. They also assert that Sang lost wages in the amount of $3,000 - $5,000 as a result of his injuries and that, other than Sang's "need of some minor ongoing dental care, his need for extensive medical treatment has essentially reached an end." Doc. No. 3 at ¶ 3.

In response, Target notes that in addition to the damages specified in plaintiffs' motion to remand, Montha also seeks

3

damages for loss of consortium.  Further, they assert that Sang seeks damages for pain and suffering and permanent disability, and that plaintiffs seek to recover the costs of litigation and attorney's fees.  They further represent that plaintiffs would not stipulate to a cap on damages of $75,000.  Defendants contend that, viewed objectively, plaintiffs' claims could be valued at more than $75,000.

Target has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Plaintiffs seek damages for pain and suffering and loss of consortium, as well as permanent injuries.  Such claims could objectively be viewed as worth more than $75,000.  Evans, 326 F. Supp. 2d at 221 ("Objectively viewed, Evans's claims for her own alleged Hepatitis A and the loss of consortium and emotional distress resulting from her family's allegedly coming down with the disease could be valued at $75,000 or more."); Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004) (holding that married couple's claims for slight "permanent impairment to their total bodily functions" in addition to mental anguish and loss of consortium not worth less than $75,000 per plaintiff).

Therefore, plaintiffs' motion to remand is denied.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand (doc. no. 3) is denied.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

June 12, 2018

cc: Counsel of Record